UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
TRUSTEES OF THE NEW YORK CITY DISTRICT                             :
COUNCIL OF CARPENTERS PENSION FUND,                                :
WELFARE FUND, ANNUITY FUND, AND                                    :   21 Civ. 1443 (JPC)
APPRENTICESHIP, JOURNEYMAN RETRAINING,                             :
EDUCATIONAL AND INDUSTRY FUND *et al.*,                            :   MEMORANDUM OPINION
                                                                   :       AND ORDER
                          Petitioners,                             :
                                                                   :
          -v-                                                      :
                                                                   :
EARTH CONSTRUCTION CORP.,                                          :
                                                                   :
                          Respondent.                              :
                                                                   :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

   Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; The Carpenter Contractor Alliance of Metropolitan New York; and The New York City District Council of Carpenters have petitioned to confirm an arbitration award issued against Respondent Earth Construction Corp. (the "Petition"). Petitioners also seek to recover the attorney's fees and costs that they have incurred in petitioning to confirm that award. The Petition is unopposed, as Respondent did not appear at the underlying arbitration hearing and has not appeared before this Court. For the reasons below, the Petition is granted, but with a reduction in Petitioners' request for attorney's fees.

## I. Background

### A. Facts

Petitioners brought this action under section 301 of the Labor Management Relations Act of 1947 ("LMRA"), *as amended*, 29 U.S.C. § 185, to confirm and enforce an arbitrator's award (the "Award") rendered under a collective bargaining agreement (the "CBA") involving Petitioner The New York City District Council of Carpenters (the "Union") and Respondent Earth Construction Corp. Dkt. 1 ("Pet.") ¶ 1. Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated under the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* ¶ 3. Petitioner Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). *Id.* ¶ 4. Petitioner The Carpenter Contractor Alliance of Metropolitan New York (collectively with the ERISA Funds and the Charity Fund, the "Funds") is a not-for-profit corporation. *Id.* ¶ 5. The Union is a labor organization and the certified bargaining representative for certain employees of Respondent. *Id.* ¶ 6.

Around March 9, 2012, Respondent became a member of the Building Contractors Association, Inc. *Id.* ¶ 8. In doing so, Respondent agreed to be bound by the CBA. *Id.* ¶¶ 9-14, Exh. B ("CBA"). The CBA required that Respondent send contributions to the Funds for all work performed by its employees within the trade and geographical jurisdiction of the CBA. *Id.* ¶ 15. It also required that Respondent make its books and payroll records available for an audit—to

2

allow the Funds to ensure that Respondent was making the necessary benefit fund contributions under the CBA. *Id.* ¶ 16; CBA, Article XVI § 1.

Besides those requirements, the CBA mandated that Respondent comply with the Funds' Collection Policy. Pet. ¶ 20; CBA Article XVI § 3; *see* Pet., Exh. F ("Collection Policy"). The Collection Policy provided that "[i]n the event that an employer refuses to permit a[n] . . . audit upon request[,] . . . the Fund Office shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period." Collection Policy § IV(12).

Per the CBA and the Collection Policy, Petitioners requested an audit of Respondent's files from March 2016 through the present to determine whether Respondent had paid the proper contributions. Pet. ¶ 23. Respondent refused, however, to provide its books and records for the audit. *Id.* ¶ 24. The CBA provided that "[s]hould any dispute or disagreement arise between the parties hereto . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator." CBA Article XVI § 7. The CBA and Collection Policy also provided that, should the Funds have to arbitrate a dispute or sue for unpaid contributions, the Funds had a right to collect: (1) the delinquent contributions; (2) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (3) liquidated damages for 20% of the unpaid contributions; (4) reasonable costs and attorney's fees incurred by the Funds in collecting the delinquencies; and (5) other legal or equitable relief that the Court deems appropriate. *See* Pet. ¶ 19; CBA Article XVI § 6(a); Collection Policy § V.

To comply with the CBA, Petitioners began arbitration before Roger E. Maher. Pet. ¶ 26. Arbitrator Maher held a hearing on November 21, 2020. *See* Pet., Exh. H ("Award") at 1. Respondent was notified of the proceeding and the claims against it. *Id.*; Pet ¶ 26. But Respondent did not appear or request an adjournment. *See* Award at 1-2. Arbitrator Maher examined the evidence and rendered an award on November 21, 2020 (the "Award"). *Id.* at 1-3. Arbitrator Maher found that Respondent violated the CBA when it failed to permit the Funds to audit its books and records and ordered Respondent to pay the Funds $672,439.14, consisting of (1) an estimated principal deficiency of $474,476.20; (2) interest of $100,167.70; (3) liquidated damages of $94,895.24; (4) court costs of $400; (5) attorney's fees of $1,500; and (6) arbitrator's fees of $1,000. *Id.* at 3. The arbitrator also found that interest at the rate of 5.25% would accrue on the Award from when he issued the Award. *Id.* Arbitrator Maher sent the Award to Respondent via certified mail. *Id.* at 4; Pet. ¶ 26. As of the date of the filing of the Petition, Respondent had paid no portion of the Award. Pet. ¶ 30.

**B. Procedural Background**

On February 18, 2021, Petitioners filed the Petition to confirm Arbitrator Maher's Award. According to the docket, Petitioners served Respondent with the Petition on February 28, 2021. *See* Dkt. 8. With no response from Respondent, Petitioners requested that the Petition be considered an unopposed motion for summary judgment. Dkt. 10. Respondent has not submitted an opposition or otherwise appeared in this action.

## II. Discussion

**A. The Arbitration Award**

    **1. Applicable Law**

"The LMRA establishes a federal policy of promoting industrial stabilization through the collective bargaining agreement, with particular emphasis on private arbitration of grievances."

4

*Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quotations omitted). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quotations omitted).

As a result, judicial review of an arbitration award is "limited to determining whether the arbitration proceedings and award met the minimum legal standards established by" the LMRA. *Nat'l Football League Mgmt. Council*, 820 F.3d at 532. The Court "must simply ensure that the arbitrator was even arguably construing or applying the contract and acting within the scope of his authority and did not ignore the plain language of the contract." *Id.* (quotations omitted). Under this standard, "even if an arbitrator makes mistakes of fact or law, [a district court] may not disturb an award so long as [the arbitrator] acted within the bounds of his bargained-for authority." *Id.* In other words, "[a]s long as the award draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice, it must be confirmed." *Id.* at 537 (quotations omitted).

If, as here, a petition to confirm an arbitration award is unopposed, courts generally treat the petition "as akin to a motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 109. Although the Court grants significant defense to the arbitrator's decision, an unopposed confirmation petition must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (quotations omitted).

**2. Analysis**

Petitioners have shown that there is no genuine issue of material fact precluding summary judgment in their favor. Arbitrator Maher found that Respondent was bound by the CBA, Award

at 2; Pet. ¶¶ 10-14, which required that Respondent submit its books and payroll records to the Funds for an audit so that they could confirm that Respondent had contributed as required under the CBA, CBA Article XVI § 1; Pet. ¶ 16; Award at 2.  The CBA also provided for arbitration if a dispute occurs.  CBA Article XVI § 7; Pet. ¶ 17.  Although Respondent failed to attend that arbitration, Arbitrator Maher found that Respondent had notice of the arbitration.  *See* Award at 1-2.  Before issuing the Award, the Arbitrator Maher considered the "uncontroverted testimony and evidence," and concluded that Respondent had failed to make its books and records available, as required by the CBA.  *Id.* at 2; *see also* Pet. ¶ 24.  These findings by Arbitrator Maher adhered to the terms of the CBA and were well within the bounds of his authority.

The Court also finds, based on the undisputed evidence, that the Award is proper.  As noted above, the CBA and Collection Policy provided that, should the Funds have to arbitrate a dispute or sue over unpaid contributions, the Funds may collect, along with the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages for 20% of the unpaid contributions; and (3) reasonable attorney's fees and costs incurred by the Funds in collecting the delinquencies.  *See* Pet. ¶ 19; CBA Article XVI § 6(a); Collection Policy § V.  In deciding the Award, Arbitrator Maher received the summary report of the estimated principal deficiencies and found that it was adequate.  *See* Award at 2.  "Although Petitioners have not presented this Court with copies of all the materials on which the arbitrator relied, there is no reason to doubt the arbitrator's interpretation of those materials." *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. C K S Woodworks, Inc.*, No. 20 Civ. 2556 (JPC), 2021 WL 734959, at *3 (S.D.N.Y. Feb. 24, 2021) (quotations omitted).  Plus, nothing suggests "that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or

otherwise was contrary to law." *Id.* (quotations omitted). The Court therefore confirms Petitioners' timely application for confirmation of the Award amount.

**B. Petitioners' Application for Attorney's Fees, Costs, and Post-Judgment Interest**

**1. Applicable Law**

Petitioners have also requested $1,715 in attorney's fees and $75 in costs arising out of their efforts to confirm the Award. Pet. at 8. Generally, "in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award," which section 301 of the LMRA does not provide. *Int'l Chem. Workers Union, Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). But a court may award attorney's fees "[p]ursuant to its inherent equitable powers . . . when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quotations omitted). "[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (quotations omitted).

In determining whether a requested fee is reasonable, courts look to the total hours billed and the rates at which those hours were billed. "A reasonable hourly rate is what a reasonable, paying client would be willing to pay." *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (quotations omitted). An attorney's hourly rate is considered reasonable when it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

To allow the Court to determine whether time was reasonably expended, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch*

*v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). These records should exclude "[h]ours that are excessive, redundant, or otherwise unnecessary." *Id.* (quotations omitted).

### 2. Analysis

Respondent has failed to appear or defend this action and has not justified its failure to abide by the arbitrator's decision. *See N.Y.C. Dist. Council of Carpenters Pension Fund v. Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *3 (S.D.N.Y. Feb. 3, 2009) ("Here, Defendant has failed to appear or in any way defend this confirmation action, and thus it is axiomatic that Defendant has offered no justification for its failure to abide by the Award."). And the CBA provides that the prevailing party in any action to enforce it is entitled to reasonable attorney's fees and costs. *See* CBA Article XVI § 6(a)(4). Thus, the Court holds that an award of fees and costs is proper in this case.

In support of their application for fees, Petitioners have provided an invoice reflecting 0.5 hours of partner time, billed at a rate of $350 per hour, and 5.6 hours of associate time, billed at $275 per hour. Pet., Exh. I ("Billing History"); *see* Pet. ¶¶ 34-39.[1] The Court first finds that the 6.1 hours spent on this case are reasonable and are not duplicative.

The Court next turns to the requested hourly rates. The half-hour of partner time is attributed to Nicole Marimon, a 2014 graduate of Fordham University School of Law, who attests that she has "has handled the prosecution of several ERISA collection actions." Pet. ¶ 36. "Over the course of this past year, Ms. Marimon has sought and been awarded fees at a rate between $275 to $300 per hour by courts in this Circuit." *C K S Woodworks, Inc.*, 2021 WL 734959, at *4 (quotations and alterations omitted). In many cases in which Ms. Marimon has sought a rate of

---

[1] The Petition says that "V&A billed the legal assistants' time at a rate of $120 per hour for work performed in connection with this action." Pet. ¶ 37. But there is no legal assistant entry in the Billing History. The Court therefore does not opine on the legal assistants' rates.

$350, "courts have reduced her rate to between $300 and $325." *Id.* In agreement with these cases, the Court will thus reduce Ms. Marimon's rate to $325 per hour for this case. *See id.*

The 5.6 hours of associate attorney time is attributed to Marlie Blaise, a 2018 graduate of Florida State University College of Law, who attests that her "primary practice area is ERISA litigation." Pet. ¶ 35. Several other courts that have addressed Ms. Blaise's hourly rates in similar matters have reduced Ms. Blaise's hourly rate from $275 per hour to $225 per hour. *See, e.g.*, *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Manzo*, No. 21 Civ. 504 (LGS), 2021 WL 3082291, at *4 (S.D.N.Y. July 20, 2021); *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Installrite Woodworkers Inc.*, No. 20 Civ. 1447 (AT), 2021 WL 1199570, at *4 (S.D.N.Y. Mar. 30, 2021); *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining Educ. & Indus. Fund v. Furniture Bus. Sols., LLC*, No. 20 Civ. 2867 (GHW), 2020 WL 6525466, at *5 (S.D.N.Y. Nov. 5, 2020); *Finkel v. Allstate Elec. Corp.*, No. 19 Civ. 6260 (ARR), 2020 WL 7249438, at *3-5 (E.D.N.Y. Oct. 1, 2020), *report and recommendation adopted,* No. 19 Civ. 6260 (RLM), 2020 WL 6390142 (E.D.N.Y. Nov. 2, 2020). The Court therefore will also reduce Ms. Blaise's rate to $225 per hour for this case.

Thus, Petitioners' request for attorney's fees is granted, but at the hourly rates determined above. Petitioners are therefore entitled to $1,422.50 in attorney's fees. The Court also grants Petitioners $75 in costs, a standard cost to bring actions in this District. *See C K S Woodworks, Inc.*, 2021 WL 734959, at *5. Lastly, the Court awards post-judgment interest "from the date of the entry of the judgment," as provided for in 28 U.S.C. § 1961(a).

### III. Conclusion

For the reasons above, the Petition is granted. The Clerk of the Court is respectfully directed to enter judgment of $673,936.64, which consists of the arbitration award of $672,439.14, attorney's fees of $1,422.50, and costs in the amount of $75. The Court also awards interest at a rate of 5.25% on the arbitration award from the date of that award, November 21, 2020, through the date of the judgment. Post-judgment interest will accrue at the statutory rate. The Clerk of the Court is also respectfully directed to close this case.

SO ORDERED.

Dated: October 25, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge